E. C. Brice v. Commissioner.
Brice v. Commissioner
Docket No. 34694.
United States Tax Court
T.C. Memo 1955-232; 1955 Tax Ct. Memo LEXIS 106; 14 T.C.M. (CCH) 938; T.C.M. (RIA) 55232; August 19, 1955
*106 From 1941 to 1946, inclusive, petitioner's income was derived from extensive gambling activities. He kept no books and records. The respondent's computation of his income by the net worth and expenditures method disclosed unreported income of from 266 per cent to 1404 per cent of reported income for five of the six years, and of 78 per cent for the other year. Petitioner entered no appearance at the hearing, and repsondent's motion for judgment on the pleadings as to the deficiencies was granted. Held, the deficiencies for each of the years in issue were due to fraud with intent to evade tax. Held, further, petitioner's failure to file a timely income tax return for 1942 was not due to reasonable cause. Charles R. Hembree, Esq., for the respondent. *107 RICE
Memorandum Findings of Fact and Opinion This proceeding involves deficiencies in income tax and penalties under sections 291(a) and 293(b) of the 1939 Code determined by the respondent as follows: Income Tax
Sec. 293(b)
Sec. 291(a)
Year
Deficiency
Penalty
Penalty
1941
$ 1,190.17
$ 649.04
1942
2,880.57
1,440.29
$763.92
1943
3,029.34
2,765.63
1944
37,032.79
23,169.35
1945
11,927.61
7,444.24
1946
3,399.62
2,063.90
The petitioner entered no appearance when this proceeding came on for hearing on the calendar at Huntington, West Virginia, on May 17, 1955. We granted the respondent's motion for judgment on the pleadings as to the deficiencies in income tax for all years in issue. The issues to be decided are: (1) whether the deficiencies for all years were due to fraud with intent to evade tax; (2) if not, whether the deficiencies for the years 1941 to 1943, inclusive, are barred by the statute of limitation; and (3) whether the respondent erred in determining a penalty under section 291(a) for petitioner's failure to file a return for 1942 within the time prescribed by law. Findings of Fact Petitioner was a *108 resident of Charleston, West Virginia, during the years in issue and filed income tax returns for such years with the collector of internal revenue for the district of West Virginia. His return for 1942 was filed on January 31, 1949. During the years in issue, petitioner operated a "numbers racket" and other gambling activities. He kept no books and records. During the course of the revenue agents' examination of his returns, he submitted a few canceled checks drawn during two of the years in issue. In the absence of books and records, respondent computed petitioner's income by the net worth and expenditures method. Set forth below are the amounts of income reported by petitioner on his returns, the amounts of income determined by the respondent, the amounts of understatement, and the percentages of understatement: Amount
Amount
Reported
Determined
Amount of
Percentage of
Year
by Petitioner
by Respondent
Understatement
Understatement
1941
$ 2,836.26
$10,379.50
$ 7,543.24
266%
1942
2,190.82
12,393.88
10,203.06
466%
1943
3,541.46
17,473.24
13,931.78
393%
1944
4,961.88
74,653.77
69,691.89
1404%
1945
6,446.31
34,533.69
28,087.38
436%
1946
12,130.24
21,574.63
9,444.39
78%
*109 In the course of their investigation, the revenue agents discovered that petitioner had large holdings of real estate and had spent sizable sums for the purchase of bonds, furniture, jewelry, furs, and automobiles. They discovered that he had supported a number of relatives and paid the fines of employees who assisted in his gambling activities. On June 2, 1950, the United States District Court for the Northern District of West Virginia entered its order of judgment on petitioner's plea of guilty to criminal evasion of income tax for the year 1945. The deficiencies for each of the years in issue were due in part to fraud with intent to evade tax. Petitioner's failure to file a timely return for 1942 was not due to reasonable cause. Opinion RICE, Judge: As heretofore noted, the petitioner entered no appearance when this proceeding was heard, and we accordingly granted respondent's motion for judgment on the pleadings as to the deficiencies determined by him. From the evidence which he presented at the hearing, we are satisfied and have so found as a fact that the deficiencies for each year in issue were due in part to fraud with intent to evade tax. There would seem to be *110 little doubt that petitioner's return for the year 1945 was fraudulent in view of his admission at the criminal proceeding that he had fraudulently evaded taxes for that year. Insofar as the other years are concerned, his understatement of income was from 266 per cent to 1404 per cent of reported income, except for the year 1946 when the understatement amounted to 78 per cent of reported income. Consistent understatement of income by such large amounts is highly persuasive evidence of a deliberately fraudulent attempt to evade taxes. ; , on appeal C.A. 5, January 1955; ; and (C.A. 6, 1940). In addition to consistent substantial understatement of income, petitioner kept no books or records. We have indicated before that those whose income is derived from operations or activities on what might be called the "fringe of society" should make a far greater effort than other taxpayers to keep every record and every scrap of evidence of their financial transactions to substantiate the correctness *111 of their returns to the satisfaction of the Federal tax administrators. The petitioner here did not do that, and we think the reasonable inference to be drawn, from the fact that he did not, is that he hoped to conceal the true amount of his income each year from the Treasury. We found no cause excusing petitioner's failure to file a timely return for 1942, and the respondent's determination of a penalty under section 291(a) for his failure to do so is therefore upheld. In view of our conclusion that the deficiencies each year were due in part to fraud with intent to evade tax, the issue with respect to the statute of limitation becomes moot. Decision will be entered for the respondent.